UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PAUL DOWLETT and MARCIA ALLEN,**<br><br>      Plaintiff,<br><br>   -vs-<br><br>**AEGIS RECEIVABLES MANAGEMENT INC.,**<br><br>      Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiffs Paul Dowlett and Marcia Allen bring this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt, and New York's General Business Law §349 which makes deceptive business acts and practices unlawful.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff Dowlett's claims under New York General Business Law §349 are predicated upon the same facts and circumstances giving rise to his federal cause of action. As such, this Court possesses supplemental jurisdiction over these claims, pursuant to 28 U.S.C. §1367.

4. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendants transact business here and the conduct complained of occurred here.

### PARTIES

5. Plaintiff Paul Dowlett is a natural person residing in the City of Rochester, County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3). Plaintiff Dowlett is the husband of Plaintiff Allen.

6. Plaintiff Marcia Allen is a natural person residing in the City of Rochester, County of Monroe, State of New York. Plaintiff Allen is the wife of Plaintiff Dowlett.

7. Defendant Aegis Receivables Management, Inc., (hereinafter "Aegis") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

9. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

10. That Plaintiff Paul Dowlett is alleged to have incurred and later defaulted on a debt personal debt. Said debt will hereinafter be referred to as "the subject debt."

11. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

12. That upon information and belief, Defendant Aegis was thereafter employed by the alleged creditor in order to collect payment from Plaintiff Dowlett.

13. That upon information and belief, Defendant Aegis began calling both Plaintiffs in or about October of 2009 to collect the debt purportedly owed by Plaintiff Dowlett.

14. That Defendant Aegis routinely placed multiple daily telephone calls to Plaintiff Allen's cellular telephone and the Plaintiffs' home telephone. Defendant's telephone calls were received by Plaintiff Allen and Plaintiff Dowlett periodically throughout the day, any and every day of the week.

15. That on or about November 10, 2009, Defendant Aegis called Plaintiff Allen's cellular telephone on two occasions, leaving two separate voicemail messages for Plaintiff Dowlett.

16. That Defendant's first message was received by Plaintiff Allen at 5:33 p.m. from "an outside caller." In said message, Defendant stated: "Yeah, hi, this message is for Mr. Paul Dowlett. Mr. Paul Dowlett this is (inaudible) from, calling from Aegis Receivables Management Incorporated. Mr. Paul Dowlett, you have a pending business matter with us which is very important and needs your immediate attention. "

17. That the Defendant's second message was received by Plaintiff Allen just seven (7) minutes after the Defendant's first message, and was also placed from "an outside caller." In this message, which was marked "urgent" by Defendant, the representative for Aegis stated: "Yeah, hi, this message is for Mr. Paul Dowlett. Mr. Paul Dowlett this is Sharon from— calling from Aegis Receivables Management Incorporated. Mr. Dowlett I need to speak

with you regarding one of your important business matters.  You have a pending business matter with us which is very important and needs your immediate attention.   Mr. Dowlett regarding the (inaudible), call me back because this is something very important.  My call back number is 1-800-363-4816.  I repeat that's 1-800-363-4816 and extension is 34141.  Mr. Paul Dowlett don't ignore or disregard this message.  I will be waiting for your call.  Thank you, take care and have a great day."

18. That upon receipt of the aforesaid voicemail messages, Plaintiff Allen informed her husband of Defendant's calls and thereafter played the recordings for him.

19. That as the aforementioned messages illustrate, Defendant Aegis believed that they were leaving a message for Plaintiff Dowlett, however neither message contained the disclosures required by 15 U.S.C. §1692e(11), which would have notified said Plaintiff that the communications were from a debt collector and that any information obtained would be used for that purpose.

20. That the language contained in the aforementioned messages was clearly meant to abuse the hearer(s), since Defendant Aegis repeatedly placed a false sense of immediacy on the situation and otherwise failed to explain that the purpose of the call was to collect an alleged debt.

21. That as Aegis had done previously, Defendant continued to place multiple daily telephone calls to the Plaintiffs' telephones in an attempt to collect the alleged subject debt.

22. That at no time during any of the events described above, did Defendant Aegis provide Plaintiff Dowlett with a written notice of his purported debt, as required by 15 U.S.C. §1692g(a).

23. That as a direct result of Defendant's unlawful conduct, Plaintiffs Allen and Dowlett became frightened, worried, frustrated and otherwise suffered from emotional distress.

### **PLAINTIFF ALLEN'S CAUSE OF ACTION**
[FAIR DEBT COLLECTION PRACTICES ACT]

24. The aforementioned acts and omissions of the Defendant have violated Plaintiff Allen's rights under the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), as follows:

25. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff Marcia Allen, by leaving messages on her cellular telephone indicating that something very serious and time-sensitive was pending for her husband in the Defendant's possession.

26. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff Allen's cellular and home telephones to ring with the intent to annoy, abuse and/or harass her.

27. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, deceptive and/or misleading representations or means in an attempt to collect the subject debt, by misrepresenting the nature of Defendant's calls, including specifically the time-sensitive nature of the calls and Defendant's relationship with her husband.

28. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Marcia M. Allen suffered from emotional distress.

### PLAINTIFF DOWLETT'S FIRST CAUSE OF ACTION
[FAIR DEBT COLLECTION PRACTICES ACT]

29. The aforementioned acts and omissions of the Defendant have violated Plaintiff Dowlett's rights under the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), as follows:

30. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse him, by delivering messages to him which appeared to indicate that something very serious and time-sensitive was pending.

31. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff Dowlett's home telephone to ring with the intent to annoy, abuse and/or harass him.

32. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, deceptive and/or misleading representations or means in an attempt to collect the subject debt, by misrepresenting the nature of Defendant's calls, including specifically the time-sensitive nature of the calls and Defendant's involvement in with the alleged debt.

33. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Dowlett suffered from emotional distress.

### PLAINTIFF DOWLETT'S SECOND CAUSE OF ACTION
[NEW YORK'S GENERAL BUSINESS LAW §349]

34. That the aforementioned acts of the Defendant have violated the General Business Law of the State of New York.

35. New York General Business Law §349 prohibits the use of deceptive acts and/or practices when conducting business.

36. Defendant Aegis violated New York General Business Law §349 by attempting to place a false sense of immediacy on the situation in order to solicit a return telephone call from Plaintiff Dowlett for debt collection purposes.

37. That as a result, Plaintiff Dowlett became worried, nervous, anxious, upset and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs each respectfully request that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1) and N.Y. Gen. Bus. Law §349(h);

(b) Statutory damages for each plaintiff, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. Law §349(h);

(d) Trebling of actual damages up to a maximum of $1,000.00, pursuant to N.Y. Gen. Bus. Law §349(h); and

(e) For any and all additional relief as this honorable Court may deem just and proper.

### JURY DEMAND

Please take notice that Plaintiffs demand a trial by jury in this action.

Date: November 13, 2009

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiffs*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
716.200.1520